

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. W. J. Elliott, Chief
Texas Highway Patrol
Department of Public Safety
Austin, Texas

Dear Mr. Elliott:

Opinion No. O-6202

Re: Should a one and one-half ton
Ford Truck with a corn sheller
and grinder attached thereon,
used over the highways for the
purpose of grinding and shell-
ing corn on a commercial basis
for various and sundry people,
other than the owner of such
vehicle, be classified for
registration purposes as an
implement of husbandry, a com-
mercial motor vehicle or a farm
vehicle?

Your opinion request of recent date has been re-
ceived and we quote from same as follows:

"Can E. A. Weyel, Seguin, Texas, operate a
one and one-half ton Ford Truck with a corn sheller
and grinder attached thereon for the purpose of
grinding and shelling corn for which he receives
toll in corn or moneys for grinding or shelling
said corn over the highways of Texas without the
same being registered in Texas? This truck oper-
ates from Seguin over various highways and roads
to the individual farms in this vicinity, and he
claims that this vehicle with the aforesaid attach-
ments thereon is an implement of husbandry and,
therefore, is not required to be registered under
the laws of Texas. The operator is not a farmer
but a business man of Seguin, Texas.

"Your opinion is requested as to whether
the above vehicle is an implement of husbandry,
commercial motor vehicle, or farm vehicle and how
should same be registered under the laws of Texas."

Article 6675a-2 provides in respect to registration
of motor vehicles, etc., generally, and for exemption of cer-

tain vehicles and "implements of husbandry", particularly as
follows:

> "Every owner of a motor vehicle, trailer or
> semi-trailer used or to be used upon the public
> highways of this State shall apply each year to
> the State Highway Department through the County
> Tax Collector of the county in which he resides
> for the registration of each such vehicle owned
> or controlled by him for the ensuing or current
> calendar year or unexpired portion thereof; pro-
> vided that where a public highway separates lands
> under the dominion or control of the owner, the
> operation of a motor vehicle by such owner, his
> agents or employees, across such highway shall
> not constitute a use of such motor vehicle upon
> a public highway of this State. Owners of farm
> tractors, farm trailers, farm semi-trailers, and
> implements of husbandry, operated or moved tem-
> porarily upon the highways shall not be required
> to register such farm tractors, farm trailers,
> farm semi-trailers, or implements of husbandry;
> provided, however, that such farm trailers and
> farm semi-trailers are operated in conformity
> with all provisions of the law save and except
> the requirements as to registration and license.
> . . . . ."

Article 6675a-6 provides that the annual license
fee for the registration of a commercial motor vehicle or
truck tractor shall be based upon the gross weight and tire
equipment of the vehicle, and sets out a table or scale of
such fees.

Article 6675a-6a provides, in regard to registra-
tion of farm commercial motor vehicles, as follows:

> "When a commercial motor vehicle sought to
> be registered and used by the owner thereof only
> in the transportation of his own poultry, dairy,
> livestock, livestock products, timber in its
> natural state, and farm products to market, or to
> other points for sale or processing, or the trans-
> portation by the owner thereof of laborers from
> their place of residence and materials, tools,
> equipment and supplies, without charge, from the
> place of purchase or storage, to his own farm or
> ranch, exclusively for his own use, or use on such
> farm or ranch, the registration license fee, for
> the weight classification herein mentioned, shall

be fifty (50%) per cent. of the registration fee prescribed for weight classifications in Section 6 of the Act hereby amended, as amended in this Act; . . . "

Article 6675a-1 gives the following designated definitions:

"(1)   'Commercial Motor Vehicles' means any motor vehicle (other than a motorcycle or passenger car)  designed or used primarily for the transportation of property, including any passenger car which has been reconstructed so as to be used, and which is being used, primarily for delivery purposes, with the exception of passenger cars used in the delivery of the United States mails.

"(q)   By 'operated or moved temporarily upon the highways' is meant the operation or conveying between different farms, and the operation or conveyance from the owner's farm to the place where his farm produce is prepared for market or where same is actually marketed and return."

"(r)   'Implements of husbandry' shall mean farm implements, machinery and tools as used in tilling the soil, but shall not include any passenger car or truck'."   (Underscoring ours).

A "truck" is expressly excluded from the term "implements of husbandry", as defined in the statutes. We believe this exemption, first appearing in an amendment to said article 6675a-1 enacted by the 47th Legislature in 1941, was intended to cover every case in which a passenger car or truck had not lost its recognizable identity as such by reason of its use.

Therefore, we believe it obvious that truck in question could be classified as a "commercial motor vehicle" only, and as such should be registered under the terms and provisions of said Article 6675a-6.

Trusting the foregoing fully answers your question, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS


By (s) Robert L. Lattimore, Jr.
Assistant

RLL:rt:ff:wc


APPROVED OCT. 13, 1944
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

This Opinion Considered And Approved In Limited Conference